In re Petition for DISCIPLINARY AC-TION AGAINST Wayde Russell BROOKS, a Minnesota Attorney, Registration No. 335654.

No. A10–1394.

Supreme Court of Minnesota.

Sept. 2, 2011.

## ORDER

By order filed April 6, 2011, we suspended respondent Wayde Russell Brooks from the practice of law for a minimum of 90 days for failing to diligently represent a client, failing to adequately communicate with that client, failing to promptly return the client's file and to promptly refund the client's retainer, making false statements to the client to conceal his misconduct, engaging in the practice of law while fee-suspended and on CLE-restricted status, submitting a false affidavit during the disciplinary investigation, and failing to cooperate with the Director's investigation. Respondent has now filed an affidavit attesting to his compliance with the conditions placed upon his reinstatement. The Director of the Office of Lawyers Professional Responsibility has no objection to respondent's reinstatement.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Wayde Russell Brooks is reinstated to the practice of law and placed on probation for a period of one year, subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the efforts of the Director's Office to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of documents and information to verify compliance with the terms of the probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

Within one year from April 6, 2011, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof that he has satisfactorily completed the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(e)(3), Rules on Lawyers Professional Responsibility.

BY THE COURT:

/s/ Alan Page
Associate Justice